UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEITH WROMAS, JR,

    Plaintiff,

v.                                          Case No. 3:25cv1322-MW-HTC

SERGEANT BANKER, et al.,

    Defendants.
_____/

ORDER AND
REPORT AND RECOMMENDATION

    Keith Wromas, Jr., a prisoner proceeding *pro se* and seeking to proceed *in forma pauperis*, has filed a civil rights complaint against eight (8) correctional officers at Santa Rosa Correctional Institute complaining about various conditions of his confinement. Doc. 1. Upon review, the motion to proceed *in forma pauperis* shall be denied because it is incomplete, and the undersigned recommends this action be DISMISSED for Plaintiff's failure to truthfully disclose his litigation history.

    As part of this Court's complaint form, prisoners are asked to disclose their litigation history. Section VIII.A. of the form asks Plaintiff whether he has "had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, or for failure to state a claim, or prior to service." Doc. 1 at 15. Section VIII.C. asks Plaintiff whether he has "filed any other lawsuit, habeas corpus petition,

or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement." *Id.* at 16.

In response to the question posed in Section VIII.A. Plaintiff disclosed only one case: Case No. 21-cv-20706 DPG from the Southern District. *Id.* And in response to the question posed in Section VIII.C., Plaintiff identified six cases.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

Upon such an investigation, the undersigned takes judicial notice of the following three (3) cases filed by Plaintiff and dismissed prior to service but not disclosed in Section VIII.A.: *Wromas v. Barker, et al.*, 3:25-cv-00768-AW-HTC (N.D. Fla.) (dismissed prior to service for failure to pay the filing fee or file an in forma pauperis motion); *Wromas v. Banker, et al.*, 3:25-cv-00891-MW-ZCB (N.D. Fla.) (dismissed without prejudice prior to service based on Plaintiff's failure to truthfully disclose his prior litigation history); and *Wromas v. Cromartie, et al.*, 5:22-cv-00033-TKW-MJF (N.D. Fla.) (dismissed without prejudice prior to service for Wromas' failure to truthfully disclose his prior litigation history). Although Plaintiff

identified the *Banker* case and the *Cromartie* case in Section VIII.C., he should have also disclosed them in Section III.A. Indeed, each question on the complaint form serves a different purpose. *See Jackson v. Fla. Dep't of Corrs.*, 491 F. App'x 129, 132 (11th Cir. 2012) (affirming dismissal without prejudice when Plaintiff failed to truthfully disclose his litigation history by completely omitting one case and by failing to disclose another case even though it was cited elsewhere in the complaint form).

Regardless, Plaintiff did not disclose the *Barker* case anywhere on the form. Moreover, Plaintiff also failed to disclose at least two appeals of cases relating to the conditions of his confinement: *Keith Wromas v. J. Hunter, et al*, 20-11433 (appeal in a conditions of confinement case, 1:18-cv-20096-JLK (S.D. Fla.)) and *Keith Wromas v. R. Tuten*, et al, 21-11824 (appeal in a conditions of confinement case, 4:18-cv-00209-MW-MAF (N.D. Fla.)).

The Court has the inherent authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the

form. Thus, the Court should not allow Plaintiff's misrepresentation to go unpunished.

An appropriate sanction for the Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)). *Johnson v. Crawson*, Case No. 5:08cv300-RS-EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice when prisoner failed to disclose one prior federal case); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence.").

As another judge from this District stated in a similar ruling, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, at Doc. 52 (N.D. Fla. June 7, 2020).

Finally, because Plaintiff has had at least two other cases dismissed for prior to truthfully disclose his litigation history and is, thus, aware of the requirement and

need to do so, the Court finds Plaintiff's continued failure to exhibit candor and honesty with the Court is not only an abuse of the judicial process but is also malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *see also Myrick v. Martin*, No. 3:14CV77/LAC/EMT, 2014 WL 1744156, at *2 (N.D. Fla. May 1, 2014) (dismissing case as "malicious" under 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1) for plaintiff's failure to disclose two prior actions).

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is DENIED.

It is also respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(i), 28 U.S.C. § 1915A(b)(1), and this Court's inherent authority as an abuse of the judicial process and as malicious for Plaintiff's failure to truthfully disclose his litigation history.

2. The clerk be directed to close the file.

At Pensacola, this 14th day of August, 2025.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only

Case No. 3:25cv1322-MW-HTC

<u>and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.

Case No. 3:25cv1322-MW-HTC